UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CURTIS TATE,

                        Petitioner,                    Case No. 1:21-cv-243

v.                                        Honorable Janet T. Neff

MICHIGAN PAROLE BOARD et al.,

                        Respondents.

_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241. Petitioner is presently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan.  He is held by the Michigan Department of Corrections (MDOC) following his conviction on a charge of kidnapping by the Saginaw County Circuit Court, Case No. 75-00086-FY2.  The state court imposed a parolable life sentence.  Petitioner attaches to his petition an MDOC Parole Board Notice of Decision granting him parole with a 48-month term.[1]  (ECF No. 1-1, PageID.15–16.)

        The parole granted, however, is described as a "parole in custody."  (*Id*., PageID.16.)  The MDOC states that "'paroled in custody' means that the offender remains on parole for his/her Michigan sentence, but [is] paroled to the custody of some other jurisdiction." https://www.michigan.gov/corrections/0,4551,7-119-9741_12798-230397--,00.html (visited Mar. 17, 2021).

---

[1] Parole granted to a prisoner serving a life sentence "must be for a period of not less than 4 years . . . ."  Mich. Comp. Laws § 791.234(8)(d).

Petitioner attaches additional documentation to his petition indicating that he is also in custody pursuant to the judgment of the United States District Court for the Eastern District of Michigan.  (J. and Commitment Order, ECF No. 1-1, PageID.19.)  That court also imposed a life sentence for kidnapping.  (*Id.*)   The court ordered the federal sentence to run concurrently with the state-imposed life sentence.  The Bureau of Prisons (BOP) designated the MDOC facility where Petitioner was held on his state sentence to be the institution for service of his federal term as well.  (BOP Corr., ECF No. 1-1, PageID.21.)  The United States Marshal for the Eastern District of Michigan issued a detainer requesting that the MDOC provide notice if Petitioner was to be released from MDOC custody to permit the Marshal to assume custody.

Thus, it appears that Petitioner has been paroled by the MDOC to continued custody ***by the MDOC*** which continues to hold Petitioner on the concurrent federal sentence on behalf of the BOP.  Petitioner contends that he has been wronged and that he should be released on parole generally, not "released" to parole in custody.  Petitioner names the Michigan Parole Board, the BOP, and the United States Marshal Service as respondents.  Petitioner is presently held in custody at the E.C. Brooks Correctional Facility; the warden there is Shane Jackson.

The petition raises four issues:

I.      Mich. Parole Bd. violates Petitioner's 14th Amendment substantive due process right, under the U.S. Const., by committing an egregious abuse of state government authority in arbitrarily refusing to officially acknowledge that he served his federal sentence while in MDOC custody and, therefore, that the 9-17-1976 dated federal detainer against him is void as a matter of law.

II.     U.S. Bureau of Prisons (BOP) violates Petitioner's Fifth Amendment substantive due process right, under the U.S. Const., by an egregious use of federal government power in arbitrarily refusing to acknowledge that he has served his federal life sentence under jurisdiction of Mich. Dep't of Corr's.

III.    Mich. Parole Bd. violates Petitioner's 14th Amendment substantive due process rights, under the U.S. Const., by an egregious abuse of state

2

government authority in unreasonably following a 9-17-1976 dated federal detainer that plainly became void 15 years ago as a matter of federal law.

IV.    U.S. BOP violates Petitioner's 5th Amendment substantive due process right, under the U.S. Const., by an egregious abuse of federal government power in unreasonably refusing to remove a 9-17-1976 dated federal detainer from federal and MDOC files on him.

(Pet., ECF No. 1, PageID.6–8.)  Although Petitioner names three respondents and four issues, all of his issues boil down to one claim:  Petitioner contends that he has completed his federal sentence.  Because his federal sentence is purportedly complete, Petitioner argues it is wrong for the MDOC to honor the 1976 detainer, it is wrong for the Marshal to refuse to release the detainer, and it is wrong for the BOP to continue to hold him on the life sentence.

Ordinarily, a federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255 but may challenge the manner or execution of his sentence under 28 U.S.C. § 2241.  *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)).  A state prisoner, on the other hand, must challenge the legality of his detention under 28 U.S.C. § 2254.  That is the case whether Petitioner challenges the propriety of his conviction and sentence or the manner or execution of his sentence. Section 2254 "'allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences[.]'" *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006).

Whether the Court considers Petitioner's petition as a challenge to execution to the state sentence under § 2254 or the federal sentence under § 2241, the Court must first conduct a preliminary review of the petition to determine whether "it appears from the application that the applicant or person detained is not entitled [to the writ]."  28 U.S.C. § 2243.  After undertaking

the review required by the statute, the Court concludes that the petition must be dismissed, because Petitioner fails to demonstrate entitlement to relief under § 2241 or § 2254.

Petitioner claims the detainer is void because he has served the 60 months' imprisonment purportedly set by the United States Parole Commission (USPC) and the maximum 30 years since October 19, 1976, required for "mandatory parole." (*Id*.)

Petitioner derives his 60-month and 30-year periods from documents attached to his petition. First, in the Bureau of Prisons Sentence Computation Record, the BOP indicated that Petitioner would be eligible for parole under 18 U.S.C. § 4205(b)(2) on his "30-year date" or September 13, 2006. (BOP Record, ECF No. 1-1, PageID.20.) Petitioner also attaches a United States Parole Commission Notice of Action on Appeal dated April 28, 1986, which references "minimum guidelines of 60 months." (USPC Notice, ECF No. 1-1, PageID.23.) The document, however, is incomplete. It appears the 60-month minimum is not the duration of his sentence, but the minimum length of time before his next parole review.

In an application for parole filed twenty years later, Petitioner noted that he had been evaluated for parole eligibility during February of 1979, August of 1981, February of 1988, and April of 1994. (Appl. for Parole, ECF No. 1-1, PageID.34.) Then, during February of 1986, the USPC continued Petitioner's case for a 15-year reconsideration hearing, putting the matter off until January of 2001. (*Id*.) It appears likely that Petitioner's "appeal" referenced above related to the February of 1986 decision. Having reached his "30-year" date, Petitioner's 2007 application for parole asked the USPC to release him and commute his sentence to 30 years.

Petitioner's claims herein are premised on his entitlement to release from his federal life sentence after serving 30 years. Nothing he has submitted to this Court supports that premise.

There is an unquestionable significance to serving 30 years of a life sentence.  18 U.S.C. § 4206(d)

provides:

> Any prisoner serving a sentence of five years or longer, who is not earlier
> released under this section or any other applicable provision of law, shall be
> released on parole after having served two-thirds of each consecutive term or terms,
> or after serving thirty years of each consecutive term of terms of more than forty-
> five years including any life term, whichever is earlier: Provided, however, That
> the Commission shall not release such prisoner if it determines that he has seriously
> or frequently violated institution rules and regulations or that there is a reasonable
> probability that he will commit any Federal, State, or local crime.

18 U.S.C. § 4206(d).  The Code of Federal Regulations describes this as "mandatory parole."  28

C.F.R. § 2.53.  Nonetheless, the United States District Court for the Eastern District of Michigan

has observed that "the text of that regulation and the statute governing the two-thirds date, make

clear that release on parole is still conditional on the Parole Commission finding (1) that the

prisoner has not seriously or frequently violated his facility's rules and regulations and (2) that the

prisoner is unlikely to commit a crime upon release."  *Holt v. Terris*, 269 F. Supp. 3d 788, 791

(E.D. Mich. 2017) *aff'd*, No. 17-2203, 2018 WL 4908166, at *3 (6th Cir. May 22, 2018)

(describing the presumptive release date as "non-definite" in nature), *cert. denied*, 139 S. Ct. 1234

(2019).

Petitioner does not suggest that the USPC has wrongfully denied him parole under

the statute or regulation.  Indeed, based on Petitioner's litigation history, the Court is aware that

has been found guilty of multiple misconducts during his tenure in the MDOC.  *See, e.g., Tate v.*

*Howes et al.,* No. 1:09-CV-307, 2010 WL 2231815, at *1 (W.D. Mich. Feb. 4, 2010) ("On

February 3, 2009, Petitioner was found guilty of three misconducts: threatening behavior, creating

a disturbance and sexual misconduct.").  Thus, it does not appear that Petitioner can legitimately

claim that he is ***entitled*** to parole under the statute or regulation.  Put simply, Petitioner offers no

foundation for his claim that he is no longer subject to his federal life sentence other than the

passage of 30 years.  That is plainly not enough.  Because Petitioner offers nothing to suggest his federal life sentence has somehow been discontinued, the detainer remains valid, and his parole in custody is entirely appropriate.

At first blush, it appears odd for the MDOC to release Petitioner on parole into the MDOC's own custody.  But, because Petitioner's state life sentence never expires, his only path to eventual release from his state sentence is a parole of at least four years.  The parole granted by the Michigan Parole Board is the first step toward Petitioner's eventual release.  The next step is parole on his federal life sentence.  That is in the hands of the USPC, and Petitioner offers nothing in his petition to suggest that the USPC has wronged him to date.  Accordingly, the petition is properly dismissed.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve

6

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.  Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:   March 26, 2021                                    /s/ Janet T. Neff
                                                                         Janet T. Neff
                                                                         United States District Judge